UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | 2:21-CR-00078-DCLC-CRW |
| | ) | |
| v. | ) | |
| | ) | |
| KATHERINE JANE CRAWFORD, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Before the Court is Defendant's *pro se* Motion to Reduce Sentence under United States Sentencing Guideline Amendment 821 [Doc. 104]. Pursuant to Standing Order 24-05, Federal Defender Services of Eastern Tennessee has filed a notice that it does not intend to file a supplemental motion at this time [Doc. 106].

**I.  BACKGROUND**

On November 3, 2021, Defendant pleaded guilty to one count each of conspiracy to distribute 50 grams or more of methamphetamine and being a felon in possession of a firearm [*See* Docs. 37, 39]. Based on a total offense level of 29 and a criminal history category of IV, Defendant's guideline range was 121 to 151 months [Doc. 49, ¶ 81]. The Court varied below the guideline range and sentenced Defendant to a total term of imprisonment of 92 months [Doc. 79, pg. 2]. Defendant is currently housed at FCI Aliceville, and her projected release date is May 20, 2027. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited May 10, 2024). She now moves for a sentence reduction pursuant to Guideline Amendment 821 [Doc. 104].

## II. ANALYSIS

"A district court may modify a defendant's sentence only as provided by statute." *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009) (citation omitted). Relevant here, 18 U.S.C. § 3582(c)(2) authorizes a court to impose a sentence reduction when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Amendment 821, which took effect on November 1, 2023, altered the application of the guidelines with respect to offenders who earned criminal history "status" points based on the commission of an offense while serving a criminal justice sentence or offenders with zero criminal history points at the time of sentencing ("zero-point offenders"). Composed of two parts, Amendment 821 amended U.S.S.G. § 4A1.1 to reduce or eliminate status points and created U.S.S.G. § 4C1.1 to reduce the offense level for zero-point offenders by two levels. Pursuant to § 4A1.1, status points are eliminated for defendants with six or fewer criminal history points, and one status point, rather than two, are applied for defendants with more than six criminal history points.

Defendant is not a zero-point offender. At the time of sentencing, she received nine criminal history points, none of which were status points. Accordingly, she is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).

## III. CONCLUSION

For the reasons stated herein, Defendant's motion [Doc. 104] is **DENIED**.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge